# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **In the matter of the search of:** | Case No. 25-MJ-278-DES |
| TARGET DEVICE 1, which is a Gray Motorola Phone currently located at the FBI Muskogee Resident Agency | |

## SEARCH AND SEIZURE WARRANT

TO: ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement office or an attorney for the government request the search of the following person or property located in the **EASTERN** District of **OKLAHOMA** *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT "A"**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT "B"**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE HEREBY COMMANDED** to execute this warrant on or before ___8/6/2025___
*(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.
☐ at anytime in the day or night as I find reasonable cause has been established

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate D. Edward Snow.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer after executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check)*:
  ☐ for _____ days *(not to exceed 30)*.
  ☐ until, the facts justifying, the later specific date of _____

Date and time issued: July 23, 2025

*Judge's signature*

City and state: Muskogee, Oklahoma

D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

| **RETURN** | | |
|---|---|---|
| Case No.: 25-MJ-278-DES | Date and time warrant executed: 7/24/2025 | Copy of warrant and inventory left with: Not applicable |
| Inventory made in the presence of: Not applicable ||| 
| Inventory of the property taken and name of any person(s) seized: One (1) forensic extraction of Target Device 1 |||

### CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 7/28/2025

_____
*Executing officer's signature*

FBI Special Agent Kristin Slayton
*Printed name and title*

# ATTACHMENT A

1. The property to be searched is a cellular phone identified as follows:

one GRAY MOTOROLA PHONE BELONGING TO SHAYLYN HOLMES, hereinafter referred to as "**TARGET DEVICE 1**"

2. **TARGET DEVICE 1** is currently located at the FBI Muskogee Resident Agency at 120 S. Edmond PL #200 Muskogee, Oklahoma, within the Eastern District of Oklahoma. This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in **Attachment B.**



## ATTACHMENT B

**Particular Things to be Seized and Procedures to Facilitate Execution of the Warrant**

All records on the **TARGET DEVICE 1** described in Attachment A that relate to Murder in Indian Country, in violation of 18 U.S.C. § 1111(a), 1151, and 1153, and involving SHAYLYN HOMES from June 9, 2025 to present, including:

1. Dialed outgoing telephone/pager numbers;
2. Incoming telephone/pager numbers;
3. Missed incoming telephone/pager numbers;
4. Numeric/alphanumeric messages sent or received;
5. Verbal messages sent or received;
6. Address and telephone/pager number listings;
7. Electronically composed memorandum;
8. Communications via social media messaging applications that are stored on the phone
8. Phone book listings to include names, aliases, telephone/pager numbers, codes, types of phone numbers and addresses;
9. Photos and videos;
10. Historical GPS locations;
11. Internet web browser history data; and
12. Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

16

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.

The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.